UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LORENA ELIZABETH BARROS CORDOVA,

                              Plaintiff,                    **COMPLAINT**

    -against-

ENVI WORLD LLC and DANNY ALEXANDER HERRERA        JURY TRIAL
CHUQUIRIMA, as an individual,                                     REQUESTED

                              Defendants.
------------------------------------------------------------------------X

Plaintiff **LORENA ELIZABETH BARROS CORDOVA**, (hereinafter referred to as "Plaintiff") by her attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, bring this action against **ENVI WORLD LLC and DANNY ALEXANDER HERRERA CHUQUIRIMA, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 84-02 Roosevelt Ave., Queens, NY 11372.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

1

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff LORENA ELIZABETH BARROS CORDOVA residing at East Elmhurst, NY 11370 was employed by ENVI WORLD LLC, from in or around October 2021 until in or around January 2023.

8. Upon information and belief, Defendant ENVI WORLD LLC, is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 84-02 Roosevelt Ave., Queens, NY 11372.

9. Upon information and belief, Defendant DANNY ALEXANDER HERRERA CHUQUIRIMA is the owner of ENVI WORLD LLC.

10. Upon information and belief, Defendant DANNY ALEXANDER HERRERA CHUQUIRIMA is an agent of ENVI WORLD LLC.

11. Upon information and belief, Defendant DANNY ALEXANDER HERRERA CHUQUIRIMA is responsible for overseeing the daily operations of ENVI WORLD LLC.

12. Upon information and belief, DANNY ALEXANDER HERRERA CHUQUIRIMA has power and authority over all the final personnel decisions of ENVI WORLD LLC.

13. Upon information and belief, DANNY ALEXANDER HERRERA CHUQUIRIMA has the power and authority over all final payroll decisions of ENVI WORLD LLC, including the Plaintiff.

14. Upon information and belief, DANNY ALEXANDER HERRERA CHUQUIRIMA has the exclusive final power to hire the employees of ENVI WORLD LLC, including the Plaintiff.

15. Upon information and belief, DANNY ALEXANDER HERRERA CHUQUIRIMA has exclusive final power over the firing and terminating of the employees of ENVI WORLD LLC, including Plaintiff.

16. Upon information and belief, DANNY ALEXANDER HERRERA CHUQUIRIMA is responsible for determining, establishing, and paying the wages of all employees of ENVI WORLD LLC, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

17. Accordingly, at all relevant times hereto, Defendant DANNY ALEXANDER HERRERA CHUQUIRIMA was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

18. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that ENVI WORLD LLC, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19. Plaintiff LORENA ELIZABETH BARROS CORDOVA was employed by ENVI WORLD LLC as a cleaner and packer while performing related miscellaneous duties for the Defendants, from in or around October 2021 until in or around January 2023.

20. During Plaintiff's employment with the Defendants, Plaintiff regularly worked approximately five (5) days per week from in or around October 2021 until in or around December 2021 and six (6) days per week from in or around January 2022 until in or around January 2023.

21. Plaintiff LORENA ELIZABETH BARROS CORDOVA regularly worked the following schedule of shifts beginning at approximately:
    i. 10:00 a.m. each workday and regularly ending at approximately 9:00 p.m. or later, five (5) days per week, from in or around October 2021 until in or around December 2021; and

    ii. 10:00 a.m. each workday and regularly ending at approximately 9:00 p.m. or later, six (6) days per week, from in or around January 2022 until in or around January 2023.

22. Thus, Plaintiff was regularly required to work approximately fifty-five (55) hours or more hours each week from in or around October 2021 until in or around December 2021 and approximately sixty-six (66) hours or more hours each week from in or around January 2022 until in or around January 2023.

23. Plaintiff LORENA ELIZABETH BARROS CORDOVA was paid by Defendants a flat weekly rate of approximately:

    i. $480.00 per week for all hours worked from in or around October 2021 until in or around December 2021; and

    ii. $720.00 per week for all hours worked from in or around January 2022 until in or around January 2023.

24. Defendants failed to pay Plaintiff LORENA ELIZABETH BARROS CORDOVA the legally prescribed minimum wage for her hours worked from in or around October 2021 until in or around December 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

25. Although Plaintiff regularly worked approximately fifty-five (55) hours or more hours each week from in or around October 2021 until in or around December 2021 and approximately sixty-six (66) hours or more hours each week from in or around January 2022 until in or around January 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

26. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

27. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

28. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

29. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

30. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

31. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

33. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

34. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

35. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

36. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

37. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

40. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

41. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

44. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

45. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

46. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
47. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.
48. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.
49. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
51. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).
52. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
54. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
55. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff prejudgment and post-judgment interests;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated   May 16, 2023
        Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORENA ELIZABETH BARROS CORDOVA,

                              Plaintiff,

   -against-

ENVI WORLD LLC and DANNY ALEXANDER HERRERA CHUQUIRIMA, as an individual,

                              Defendants,

### ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Service via Secretary of State:**
**ENVI WORLD LLC (DOS ID#6333346)**
84-02 Roosevelt Ave., Queens, NY 11372

**Via Personal Service:**
**ENVI WORLD LLC**
84-02 Roosevelt Ave., Queens, NY 11372

**DANNY ALEXANDER HERRERA CHUQUIRIMA**
84-02 Roosevelt Ave., Queens, NY 11372