UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LORENA ELIZABETH BARROS CORDOVA,

                            Plaintiff,

                    -against-

ENVI WORLD LLC,

                          Defendant.
----------------------------------------------------------------x

**SUMMARY ORDER**
23-cv-3630 (DLI)(MMH)

**DORA L. IRIZARRY, United States District Judge:**

On October 16, 2024, Lorena Elizabeth Barros Cordova ("Plaintiff") filed a motion for default judgment against Envi World LLC ("Defendant"). *See*, Default J. ("Motion"), Dkt. Entry Nos. 41-43. The Court referred the Motion to the Honorable Marcia M. Henry, U.S. Magistrate Judge of this Court, for a report and recommendation ("R&R"). *See*, Electronic Order dated October 17, 2024. Magistrate Judge Henry issued an R&R on September 8, 2025. *See*, R&R, Dkt. Entry No. 48. To date, no objections have been made to the R&R. For the following reasons, the R&R is adopted in large part and modified in part.

**BACKGROUND**[1]

Defendant employed Plaintiff as a cleaner and packer from October 2021 until January 2023. *See*, Compl. ¶ 19, Dkt. Entry No. 1. During her employment, Plaintiff regularly worked approximately fifty-five (55) hours or more each week. *Id*. ¶ 22. Following her termination, Plaintiff brought overtime violation claims against Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) and 207(a) *et seq.*, and the New York Labor Law ("NYLL"), 12 N.Y.C.R.R. 137-1.3 *et seq*. *Id*. ¶¶ 31–41. Additionally, Plaintiff brought a minimum wage

---

[1] The Court assumes the parties' familiarity with the facts and circumstances of this case, which are detailed in the R&R. *See*, R&R at 2-4.

violation claim against Defendant pursuant to the FLSA, and wage statement and recordkeeping claims (collectively, "wage statement and notice") pursuant to NYLL, §§ 195(3) and 195(1) *et seq*. *Id*. ¶¶ 42–55. In sum, Plaintiff alleges that Defendant failed to: (1) pay her federal minimum wage; (2) pay her overtime compensation for hours worked in excess of forty hours per week; (3) provide wage statements; and (4) provide written notice of her rate of pay. *Id*. In her well reasoned R&R, the magistrate judge recommended that the Court grant Plaintiff's motion for unpaid minimum wages and overtime and deny Plaintiff's wage statement and notice claims for lack of standing. *See generally*, R&R.

## DISCUSSION

When there is no objection "to a magistrate judge's recommendation, [it] is reviewed, at most, for 'clear error.'" *Barrera v. F & A Rest. Corp.*, 2021 WL 2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")). After its review, the district court then may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Upon due consideration and review of the R&R for clear error of law, the magistrate judge's recommendation as to unpaid minimum wages is modified and the remaining recommendations are adopted in their entirety. Plaintiff's unpaid minimum wages claim is denied because she neither alleged an NYLL minimum wage claim nor established minimum wage damages pursuant to the FLSA.

It is well established that a Court cannot grant default judgment on a claim that is not pled because "[i]f a plaintiff could simply proceed to judgment solely on factual allegations that could support a multitude of legal claims and otherwise delay or prevent identification of its legal claims,

2

a defendant would not know the full scope of its exposure or available defenses. *See, Mirabal v. Alumaline, Inc.*, 2022 WL 1559535, at *1 (E.D.N.Y. Apr. 11, 2022) (quoting *Wilson v. Muckala*, 303 F.3d 1207, 1215–16 (10th Cir. 2002)). Otherwise, a plaintiff's generically pled complaint could be used as an offensive cudgel in default judgment proceedings to obtain more expansive liability and damages than Plaintiff otherwise might be entitled to. *Id.* at *2.

Here, the complaint exclusively alleges that Defendant failed to pay her minimum wages pursuant to the FLSA. Compl. ¶¶ 42-49. However, Plaintiff clearly was aware of the provisions of the NYLL as she alleged both FLSA and NYLL claims for unpaid overtime wages, which makes the lack of claims pursuant to NYLL for unpaid minimum wages all the more glaring. *Id.* ¶¶ 31-41. Additionally, this Court recently held that the FLSA does not incorporate NYLL. *See, Jimenez v. W&M Servs. Inc.*, 2025 WL 916921, at *3 (E.D.N.Y. Mar. 25, 2025) (rejecting argument that the FLSA provides a cause of action for state minimum wage laws). Thus, plaintiff must bring an NYLL minimum wage claim if she wishes to recover damages pursuant to that statute.

Accordingly, the Court need only consider whether Plaintiff sufficiently established Defendant's liability as to her FLSA claim for unpaid minimum wages. *See, Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp.3d 260, 265 (E.D.N.Y. 2019) (citation omitted). The FLSA requires employers to pay employees a minimum wage, which currently is set at $7.25 per hour. 29 U.S.C. § 206(a). The Court finds no clear error in the magistrate judge's determination that Plaintiff sufficiently established FLSA enterprise coverage against Defendant. R&R at 12–13. "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enters. LLC*, 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014). Additionally, the Court finds no clear error in the magistrate judge's finding that Plaintiff's regular hourly rate was $8.73 from October 2021 through December 2021,

and $10.90 from January 2022 to January 2023. *See*, R&R at 16. Both hourly rates are well above the federal minimum wage. Accordingly, Plaintiff has failed to establish liability for unpaid minimum wages pursuant to the FLSA.

## CONCLUSION

For the reasons set forth above, the R&R is adopted in part and modified only to the extent that this Court finds that Plaintiff is not entitled to any unpaid minimum wages under the NYLL as that claim was not pled in the complaint. Accordingly, Plaintiff is awarded $19,704.44 in unpaid overtime wages and $19,704.44 in liquidated damages. Additionally, Plaintiff is awarded post-judgment interest to be calculated at the rate set forth in 28 U.S.C. § 1961 from the date the Clerk of Court enters judgment in this action until the date of payment. Moreover, Plaintiff's FLSA unpaid minimum wages claim and NYLL wage statement and notice claims are denied.

SO ORDERED.

Dated: Brooklyn, New York
       November 20, 2025

                                      /s/
                            DORA L. IRIZARRY
                       United States District Judge